BAUMAN, DOW & LEÓN, P.C.



*Attorneys & Counselors at Law*

February 11, 2014

Meena H. Allen, Esq.
SIMONE ROBERTS & WEISS, P.A.
11200 Lomas Blvd NE Ste
210 Albuquerque, NM 87112-5573

**VIA FACSIMILE: (505) 298-7070**
**& E-MAIL: mallen@srw-law.com**

Re:   *Richard Locicero, et. al., v. Colorado Casualty Insurance Company*, USDM
       *Case No. 1:13-874-RHS-KBM*

Dear Ms. Allen:

Pursuant to the local rules, please accept this correspondence as a good faith attempt to resolve a discovery dispute. Our concerns are as follows:

**INTERROGATORY NO. 3** – Your interrogatory states that Ms. Joyner's supervisor was Paul Robbins but have since advised us that it was not Mr. Robbins, but Mr. John Kelly. We would appreciate a sworn supplemental answer that corrects this error and lists Mr. Kelly as her supervisor.

**INTERROGATORY NO. 5** – Your Answer is incomplete as it does not specify the area of knowledge each person identified. We are not looking to be petty and make you provide information on, for example, the treating physicians' knowledge because that can easily be found by reviewing the medical records. The issue with this answer is that it does not identify the areas of knowledge that Colorado Casualty personnel have. Moreover, this Answer fails to identify Mr. John Kelly as Ms. Joyner's supervisor. Plaintiff is entitled to know the identity and area of knowledge of every single person that Colorado Casualty involved in its end of the claim and what their area of knowledge is. We would appreciate a sworn supplemental answer that provides full and complete disclosure.

**INTERROGATORY NO. 6** – Although we believe that using a pending Motion as justification for refusing to answer an interrogatory is without legal support, that matter is now moot based on the Court's denial of the Motion to Bifurcate. Plaintiff is entitled to a full and complete answer on who made all of the coverage decisions on the Plaintiff's claim. Moreover, Defendant's answer once again failed to identify Mr. Kelly. We would appreciate a sworn supplemental answer that provides full and complete disclosure of all Colorado casualty personnel ultimately responsible.

**INTERROGATORY NO. 10** – The Motion to Bifurcate has been denied. Please provide a full and complete Answer.



7309 Indian School Rd NE
PO Box 30684
Albuquerque, NM 87190
tel  505.883.3191
fax 505.883.3194
www.bdllawfirm.com



EXHIBIT A

Meena H. Allen, Esq.　　　　　　　　February 11, 2014　　　　　　　　　　2
SIMONE ROBERTS & WEISS, P.A.



**INTERROGATORY NO. 11** – As of the date of this letter, the claims file and privilege log have not been provided. Please provide them as soon as possible.

**INTERROGATORY NO. 13** – The Answer is non-responsive and unacceptable. It is a "yes" or "no" question. If Defendant is not using a reliance of counsel as a defense to the bad faith claims, then the answer should simply say "no." If Defendant intends to use reliance of counsel as a defense, then attorney-client privilege does not apply and we are entitled to see all communications between Colorado Casualty and the Rodey Law Firm. We also note that Colorado Casualty's Ninth Affirmative Defense states that it acted in good faith. We have little doubt that as part of that defense Colorado Casualty will mention they consulted with the Rodey Law Firm. Any mention of seeking the advice of counsel is asserting the reliance of counsel as a defense. We are not going to sit idly by and allow Colorado Casualty to "empty chair" the Rodey Law Firm at trial. We would appreciate a sworn supplemental answer that makes it clear whether or not Colorado Casualty intends to use reliance of counsel as an affirmative defense.

**INTERROGATORY NO. 15** – Plaintiff is entitled to know the basis for all of Colorado Casualty's affirmative defenses. Furthermore, it is difficult to comprehend why the answer to Interrogatory No. 15 cites case law to say that all affirmative defenses not raised in an answer are deemed waived, but in the Answer to the Complaint, the Twentieth Affirmative Defense explicitly reserves the right to assert additional affirmative defenses. Plaintiff is entitled to know, for example:

- What facts support Defendant's claims that Plaintiff failed to mitigate his damages;
- how Plaintiff has comparative fault for Defendant's bad faith;
- how Plaintiff has comparative fault for the underlying accident;
- what "conditions precedent" Plaintiff failed to meet;
- what facts indicate that the statute of limitations may have expired;
- what facts would entitle Colorado Casualty to attorney's fees;
- what third-parties that Defendant does not control could possibly have any liability for the claims asserted; and
- the specific terms and conditions of the policy bar Plaintiff's claims.

If Defendant cannot support any affirmative defense with facts, then they should be withdrawn immediately.

**INTERROGATORY NO. 16** – While we understand that Defendant does not have a final trial witness list available at this juncture, the issue we have with this answer is that it refers us to the JSR and Initial Disclosures for the identity of witnesses. However, neither of those documents list any actual Colorado Casualty personnel by name. Plaintiff is entitled to know who Colorado Casualty might call to support its defenses. Please supplement this Answer.

Meena H. Allen, Esq.  February 11, 2014                                3
SIMONE ROBERTS & WEISS, P.A.



**REQUESTS FOR PRODUCTIONS** – Please provide any documents that were previously withheld on the basis that the Motion to Bifurcate was pending. If there are no additional documents being withheld on that basis, please indicate so in writing. In addition, we are still waiting for the claims file and appreciate that you intend to provide it soon.

Our deadline to file a Motion to Compel under Local Rule 37.1 is **Thursday, February 13, 2014** and we would like to avoid filing it if at all possible. Please advise us of your response before then. If you have any questions, please do not hesitate to contact me. Thank you.

Very truly yours,

**Bauman, Dow and León P.C.**

*Simone M Seiler* for Brian Grayson
Brian G. Grayson, Esq.

BGG/tb

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD LOCICERO and IRENE GARCIA,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 1:13-874-RHS-KBM

COLORADO CASUALTY INSURANCE COMPANY,

    Defendants.

## DEFENDANT'S ANSWERS AND RESPONSES TO PLAINTIFF RICHARD LOCICERO'S FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, Colorado Casualty Insurance Company ("Defendant" or "Colorado Casualty"), by and through its undersigned counsel of record, answers and responds to Plaintiff Richard Locicero's First Set of Interrogatories and First Requests for Production in accordance with the Federal Rules of Civil Procedure as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the discovery to the extent that they seek the disclosure of information or documents protected from discovery by the attorney-client privilege and/or work product doctrine. Defendant asserts such privileges and protections to the extent implicated by each Interrogatory and Request and excludes privileged and protected information from any responses to the foregoing. Any disclosure by Defendant in this regard is inadvertent and is not intended to waive those privileges or protections, which are specifically reserved.

2. Defendant reserves all objections to relevance and materiality. Defendant's Answers and Responses to Plaintiff's discovery shall neither waive nor prejudice any objections Defendant may later assert including, without limitation, objections as to the admissibility of any document or category of documents at trial.

3. Defendant objects to Plaintiffs' definitions to the extent that it seeks to impose duties and obligations upon any entities other than this Defendant. Colorado Casualty responds herein on behalf of itself, as the named Defendant in this action.

4. Defendant further objects to Plaintiffs' Requests as premature in light of Defendant's contemporaneously-filed Motion to Bifurcate and Stay Discovery.

EXHIBIT B

**INTERROGATORY NO. 5**: Please "identify" each person believed or known by you, your agents, or your attorneys, to have any knowledge of Plaintiffs' Claim or any of the issues raised in Plaintiffs' Complaint, and specify the area in which each person has knowledge. This should include all persons preparing coverage opinions in this case and all persons investigating or reviewing the case in any fashion. This includes all supervisors, all attorneys, and all persons with knowledge of the claim.

**ANSWER**: Colorado Casualty objects to Interrogatory No. 5, as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information protected by the attorney client and work product privileges and is premature in light of Colorado Casualty's contemporaneously filed Motion to Bifurcate and Motion to Stay the extra contractual discovery. Without waiving said objections, Colorado Casualty states as follows: it is presumed that the Plaintiffs, their attorneys and agents, treating physicians, the investigating police officers, and Mr. Lociccero's employers have degrees of knowledge as to the claims set forth in the Plaintiffs' complaint. In addition, Terri Joyner, Paul Robbins and the Rodey law firm have knowledge of the claim. Please see claims file.

**INTERROGATORY NO. 6**: Please "identify" the Colorado Casualty personnel ultimately responsible for making the coverage decisions for the "Claim."

**ANSWER**: Colorado Casualty objects to Interrogatory No. 6, and the terms "ultimately responsible" and "coverage decision" as they are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks information protected by the attorney client and work product privileges and is premature in light of Colorado Casualty's contemporaneously filed Motion to Bifurcate and Motion to Stay the extra contractual discovery. As noted above, Terry Joyner handled the claim and her supervisor was Paul Robbins.

4

EXHIBIT C

**ANSWER:**  Defendant objects to Interrogatory No. 9 to the extent that it is overly broad, vague, and argumentative and assumes facts not in evidence. Without waiving said objections, Colorado Casualty has not raised any such contentions. Discovery is in its cradle stage and Defendant reserves all rights to supplement this Interrogatory upon receipt of relevant and responsive information.

**INTERROGATORY NO. 10:** Please "identify" any claims manuals and any and all course materials, documents or manuals used to train or educate Colorado Casualty's claims adjusters. This interrogatory includes, but is not limited to, all materials, policy letters, standard operating procedures, and/or adjustment directives that train or educate Colorado Casualty claims adjusters and/or independent adjusters for Colorado Casualty.

**ANSWER:**  Colorado Casualty objects to Interrogatory No. 10, as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks confidential, proprietary and trade secret information, and is premature in light of Colorado Casualty's contemporaneously filed Motion to Bifurcate and Motion to Stay the extra contractual discovery.

**INTERROGATORY NO. 11:** Please identify all files pertaining to coverage opinions prepared in this case, and if you are claiming a privilege, please prepare a privilege log for all documents you claim are privileged, to include all communications with all persons concerning the coverage opinion(s).

**ANSWER:**  Colorado Casualty objects to Interrogatory No. 11, as it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, seeks attorney client and work product privileged information and is premature in light of Colorado Casualty's contemporaneously filed Motion to Bifurcate and Motion to Stay the extra contractual discovery. Without waiving said objections, Colorado Casualty has not waived its

EXHIBIT D

attorney client and work product privileges. Please also see attached claims file with the privilege log.

**INTERROGATORY NO. 12:** As to every expert witness you will or may call to testify at trial, state:

    a.    the witness' name and current address;

    b.    the witness' place of employment and job title;

    c.    the witness' relationship to any party in this proceeding;

    d.    the subject matter on which the expert is expected to testify;

    e.    the substance of the facts and opinions to which the expert is expected to testify;

    f.    a summary of the grounds for each opinion; and

    g.    the witness's qualifications to testify as an expert.

**ANSWER:** Colorado Casualty objects to Interrogatory No. 12, because it is premature given that discovery has only recently commenced. Colorado Casualty will disclose its expert witnesses in according with the Federal Rules of Civil Procedure and the Scheduling Order.

**INTERROGATORY NO. 13:** Please state whether you intend to use reliance upon counsel as a defense; if so, pursuant to Fed. R. Civ. P. 34, please (1) identify the counsel and opinions to be relied upon, and (2) please produce all documents, communications, and opinions by counsel with all persons.

**ANSWER:** Colorado Casualty objects to Interrogatory No. 13, to the extent it is overly broad, unduly burdensome, not reasonably calculated to the discovery of admissible evidence and seeks information that is protected by the attorney client and work product


EXHIBIT E

privileges. Without waiving said objections, Colorado Casualty has not waived any attorney client and work product privileges at this time.

**INTERROGATORY NO. 14:** Describe the exact process by which Colorado Casualty a. underwrites and sells its insurance products to all New Mexico consumers, and b. underwrote and sold its insurance products to Pastian's Bakery. If there were any discrepancies or changes between the methods used by Colorado Casualty for its New Mexico consumers and the methods used to underwrite and sell insurance to Pastian's Bakery and other employers, please detail each and every such change or discrepancy in the underwriting and/or sales procedure used to underwrite and sell insurance to Pastian's Bakery or other employers.

**ANSWER:** Colorado Casualty objects to Interrogatory No. 14, to the extent it is overly broad, unduly burdensome and seeks information that is not relevant to admissible evidence. Notwithstanding said objections, it appears that Pastian's Bakery purchased this policy through an independent agency. *See* underwriting file.

**INTERROGATORY NO. 15:** With respect to each affirmative defense listed in your answer to the Complaint, state in detail the complete and specific factual basis for each such affirmative defense, identify all persons with information that relates in any way to your affirmative defenses, and identify each and every document upon which you rely to establish each such affirmative defense.

**ANSWER:** Colorado Casualty objects to this Interrogatory as it is overly broad and seeks information protected by the attorney client, attorney thought processes and work product privileges. Subject to said objections, if affirmative defenses are not raised in an answer, they are deemed waived. *See Azar v. Prudential Ins. Co.*, 133 N.M. 669, 2003 NMCA 062; *Stanisteven v. Centinel Bank of Taos*, 96 N.M. 730, 634 P.2d 1282 (1981).



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD LOCICERO and IRENE GARCIA,

    Plaintiffs,

v.                                                                                                  1:13-874-RHS-KBM

COLORADO CASUALTY INSURANCE COMPANY,

    Defendant.

**ANSWER TO COMPLAINT FOR UM/UIM BENEFITS, INSURANCE BAD FAITH, BREACH OF CONTRACT, VIOLATION OF THE NEW MEXICO UNFAIR INSURANCE PRACTICES ACT AND LOSS OF CONSORTIUM**

    Defendant, Colorado Casualty Insurance Company (hereinafter "Defendant" or "Colorado Casualty"), by and through its undersigned counsel of record Simone, Roberts & Weiss, P.A., hereby Answers Plaintiff's Complaint for UM/UIM Benefits, Insurance Bad Faith, Breach of Contract, Violation of the New Mexico Unfair Insurance Practices Act and Loss of Consortium (hereinafter "Complaint") as follows:

**PARTIES AND JURISDICTION**

    1-2.    Upon information and belief Colorado Casualty admits the allegations set forth in paragraphs 1 and 2 of the Complaint.

    3.    Colorado Casualty admits the allegations set forth in paragraph 3 of the Complaint to the extent that it is a foreign insurer authorized to conduct business in New Mexico.

    4.    The allegations set forth in paragraph 4 of the Complaint constitute conclusions of law and speculative statements to which no answer is required by this Defendant under the Rules of Civil Procedure. To the extent a Court construes these allegations to require a response by this Defendant, these allegations are denied and Colorado Casualty demands strict proof hereof.

1



## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs failed to mitigate their damages.

### SECOND DEFENSE

The Complaint fails to state a claim as to all counts upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by one or more of the equitable doctrines including, but not limited to: unclean hands, waiver, laches, estoppel and ratification. These defenses are raised so as to prevent arguments of waiver.

### FOURTH DEFENSE

Plaintiffs' claims may be barred, in whole, or in part, by their/their agents' comparative negligence or fault of the Plaintiffs and/or their agents.

### FIFTH DEFENSE

Plaintiffs' damages, if any, were caused, in part, or in full, by their own conduct.

### SIXTH DEFENSE

Plaintiffs' claims may be barred, in whole, or in part due to their failure to establish conditions precedent to the maintenance of this action.

### SEVENTH DEFENSE

Plaintiffs' claims may be barred, in whole, or in part, due to the acts or omissions of third parties over whom Colorado Casualty maintains no control or right of control.

### EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the terms and conditions of the Policy, all of which are expressly reserved herein.

### NINTH DEFENSE

As a separate and further defense, Colorado Casualty states that at all material times and hereto, it acted in good faith and any dispute with the Plaintiffs in terms of either the coverage under the Policy or amounts owed was an honest dispute and Colorado Casualty is entitled to have a jury determine what a reasonable amount of damages is, if any.

### TENTH DEFENSE

To the extent Plaintiffs allege any bad faith on the part of the Defendant, which is specifically denied, the conduct of all parties including any failure to exercise good faith by the Plaintiffs and their agents, shall be compared and any recovery by the Plaintiffs shall be limited to any improper action on the part of the Defendant, if any.

### ELEVENTH DEFENSE

Colorado Casualty states that if it or any of its agents was negligent, which is specifically denied, then the negligence of all parties and non-parties, including the actions or inactions of Plaintiffs and their agents must be compared and when doing so, this Colorado Casualty is not liable to the Plaintiffs.

### TWELFTH DEFENSE

Plaintiff's claims were filed without a reasonable basis and, therefore, Colorado Casualty is entitled to attorney's fees and costs including fees and costs under §59A-16-30.

### THIRTEENTH DEFENSE

Plaintiffs' claims for statutory bad faith are barred under the applicable statutes and case law.

### FOURTEENTH DEFENSE

Plaintiffs' claims for exemplary or punitive damages are barred in full or in part because such damages are unavailable under the Unfair Insurance Practices.

### FIFTEENTH DEFENSE

As a separate and further defense, Colorado Casualty states that the claim for punitive damages under the circumstances of this case violates Defendant's Constitutional rights under the United States and the State of New Mexico Constitutions. An award of punitive damages would constitute the imposition of an excessive fine and would be a denial of equal protection of laws and due process under the law to Defendant. Additionally, Plaintiffs' claim for punitive damages is barred by the Constitution of the United States and the State of New Mexico because the standards and procedures for an award of punitive damages are unconstitutionally vague and do not permit sufficient court review, thereby violating Defendant's right to due process of law.

### SIXTEENTH DEFENSE

Plaintiffs have failed to state a claim for interest, costs and attorney's fees.

### SEVENTEENTH DEFENSE

Plaintiffs have failed to state a claim for any type of damages which include compensatory, statutory and extra-contractual damages.

### EIGHTEENTH DEFENSE

Plaintiffs' claims against the Defendants are barred due to their failure to allege an actual case or controversy.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred under the applicable statute of limitations.

## TWENTIETH DEFENSE

Colorado Casualty explicitly reserves the right to assert any additional affirmative defenses that may become known through the course of this litigation including the course of discovery in this action.

WHEREFORE, Defendant, Colorado Casualty Insurance Company, respectfully requests that this Court dismiss Plaintiff's Complaint for UM/UIM Benefits, Insurance Bad Faith, Breach of Contract, Violation of the New Mexico Unfair Insurance Practices Act and Loss of Consortium, with prejudice, that judgment be entered in favor of Colorado Casualty Insurance Company and against Plaintiffs and that Colorado Casualty Insurance Company be awarded its costs, expenses, interest, expert witness fees, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

SIMONE, ROBERTS & WEISS, P.A.

_____/s/ Meena H. Allen_____
MEENA H. ALLEN
11200 Lomas Blvd., NE, Suite 210
Albuquerque, NM  87112
(505) 298-9400

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

James A. Ray
Christopher J. Supik
Keller & Keller, LLC
505 Marquette NW, Suite 1300
Albuquerque, NM 87102

Mark C. Dow

**INTERROGATORY NO. 16:**

As to every lay witness you will or may call to testify at trial, state:

    a.    the witness' name and current address;

    b.    the witness' place of employment and job title;

    c.    the witness' relationship to any party in this proceeding;

    d.    the subject matter of the witness' anticipated testimony; and

    e.    a summary of the witness' anticipated testimony.

**ANSWER:** Colorado Casualty has not determined its lay witnesses yet and will supplement this Interrogatory in accordance with the Federal Rules of Civil Procedure and the Scheduling Order. Please also see the JSR and the Initial Disclosures previously provided.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Please produce copies of any "documents" that were used in preparing your answers to Interrogatories.

**RESPONSE:** Colorado Casualty objects to Request For Production No. 1, as it is overly broad, unduly burdensome, not reasonably calculated to the discovery of admissible evidence, is duplicative of all the Requests for Productions set forth below and premature in light of Colorado Casualty's contemporaneously filed Motion to Bifurcate and Stay Discovery and seeks information that is protected by the attorney client and work product privileges. Without waiving said objections, see attached.

**REQUEST FOR PRODUCTION NO. 2:** Please produce copies of any "document" that you may or will rely upon to prove any affirmative defense raised in your Answer to Plaintiffs' Complaint.

**RESPONSE:** Colorado Casualty objects to Request For Production No. 2, as it is overly broad, unduly burdensome, not reasonably calculated to the discovery of admissible evidence, is



duplicative of all the Requests for Productions set forth below and premature in light of Colorado Casualty's contemporaneously filed Motion to Bifurcate and Stay Discovery and seeks information that is potentially within the attorney client and work product privileges. Without waiving said objections, see attached.

**REQUEST FOR PRODUCTION NO. 3:** Please produce copies of statements of any witnesses to Plaintiffs' claims, or any statements of persons having knowledge of the circumstances of Plaintiffs' claims. This request encompasses any "documents," reports, notes or statements, whether written, recorded, or otherwise, taken by you or anyone acting on your behalf, including copies of any statements by Plaintiffs.

**RESPONSE:** An objection is made to the extent this Request is overly broad, vague and seeks information that is protected by the attorney client and work product privileges. Without waiving said objections, and to the best of its knowledge, no statements were taken.

**REQUEST FOR PRODUCTION NO. 4:** Please produce copies of the all "documents" relating to the investigation and/or adjustment of the claim, including but not limited to all correspondence, notes, emails, and supporting documents, regarding the investigation, adjustment, settlement and/or conclusion of Plaintiff's "Claim."

**RESPONSE:** Colorado Casualty objects to Request For Production No. 4, as it is overly broad, unduly burdensome, not reasonably calculated to the discovery of admissible evidence, is duplicative of all the Requests for Productions set forth below and premature in light of Colorado Casualty's contemporaneously filed Motion to Bifurcate and Stay Discovery and seeks information that is within the attorney client and work product privileges. Notwithstanding the objections, Defendant has produced its claims file with the supporting privilege log.

**REQUEST FOR PRODUCTION NO. 5:** Please produce a copy of all Colorado Casualty's "correspondence" and "documents," which in any fashion explain, define or clarify

10

EXHIBIT

the "Policy" and policies and procedures regarding adjustment of claims that apply to the "Policy" to include any individual endorsements or restrictions that are included in the "Policy." This would include all advertising materials, promotional materials, brochures, web sites, underwriting documents, claims adjusting "documents", memoranda, pamphlets, internet materials and all other documents pertaining to the "Policy" or any individual endorsements or restrictions that are included in the "Policy."

**RESPONSE:** Colorado Casualty objects to Request For Production No. 5, as it is overly broad, unduly burdensome, not reasonably calculated to the discovery of admissible evidence and premature in light of Colorado Casualty's contemporaneously filed Motion to Bifurcate and Stay Discovery. Notwithstanding the objections, Defendant has produced its claims file with the supporting privilege log.

**REQUEST FOR PRODUCTION NO. 6:** In regard to any and all expert witnesses, please produce the following:

    a) All documents and communication with any expert(s) issued in preparation of his/her opinion(s);

    b) a copy of his/her curriculum vitae;

    c) the data or other information considered by the witness in forming his/her opinions;

    d) any exhibits to be used as a summary of or support for the opinion;

    e) a summary of the qualifications of the expert witness, including a list of all publications authored by him or her within the preceding ten years;

    f) the compensation to be paid to the expert for the study and testimony; and

    g) a listing of any other cases in which the expert has testified as an expert at trial or by deposition within the preceding four years.

**RESPONSE:** Experts have not been determined yet. This Request for Production will be supplemented in accordance with the scheduling order.

**REQUEST FOR PRODUCTION NO. 7:** Please produce copies of all exhibits you may or will introduce as an exhibit at trial in this matter.

**RESPONSE:** Exhibits have not been determined yet. This Request will be supplemented in accordance with the scheduling order.

**REQUEST FOR PRODUCTION NO. 8:** A copy of the complete underwriting and claims file, including adjuster logs and notes.

**RESPONSE:** See attached copy of the Underwriting file. Defendant objects to the production of its claims file in light of its contemporaneously filed Motion to Bifurcate and Motion to Stay. Notwithstanding the objections, Defendant has produced its claims file with the supporting privilege log.

SIMONE, ROBERTS & WEISS, P.A.

_/s/ Meena Allen_

MEENA H. ALLEN
*Attorneys for Defendant*
11200 Lomas Blvd., N.E., Suite 210
Albuquerque, New Mexico 87112
(505) 298-9400