IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD LOCICERO and IRENE GARCIA,

    Plaintiffs,

v.                                                      Case No. 1:13-874-RHS-KBM

COLORADO CASUALTY INSURANCE COMPANY,

    Defendants.

**STIPULATED PROTECTIVE ORDER**

    To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of certain documents produced and the information contained therein, the Court hereby orders as follows:

    **I.**    **TERMS AND CONDITIONS**

    1.    Plaintiffs, Richard Locicero and Irene Garcia ("Plaintiffs"), and Defendant Colorado Casualty Insurance Company ("Colorado Casualty"), (collectively, the "Parties") have sought discovery, from each other or third parties, of certain documents and information that constitute confidential information. "Confidential Material" for purposes of this Order, may include documents disclosed or produced during discovery, deposition testimony and/or transcripts, and any portions of any pleadings or other documents that quote from or summarize the foregoing.

    2.    The Parties may designate documents or information as Confidential Material. In the case of documents, such designation shall be made by stamping the word "Confidential" on all pages of the document. In the case of deposition testimony, such designation may be made by identifying on the record those portions of the testimony considered confidential, and such

designation shall then be conspicuously identified by the reporter in the transcript as confidential. Additionally, in the case of deposition testimony, such designation may also be made upon review of the transcript following the deposition and asserted by means of written notice to the other parties identifying those portions of the testimony considered confidential. Computer disks, drives, programs, and other electronic media and non-documentary material may be designated as Confidential Material by any suitable, conspicuous means. The designation of information as Confidential Material shall constitute a certification by the attorney making the designation that he or she believes in good faith that the material is entitled to confidential protection.

3. The Confidential Material shall not be disclosed to any persons other than:

   A. the attorneys for the Parties, and paralegals and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

   B. officers, directors and/or employees of the Parties who have direct responsibility for assisting such counsel in the preparation and trial of the action;

   C. court reporters, court officials, and the jury involved in this litigation;

   D. experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a confidentiality agreement in conformity with this Protective Order; and

   E. any other non-party witnesses or deponents who have executed a confidentiality agreement in conformity with this Protective Order, or deponents who agree on the record to maintain the confidentiality of the material.

4. The Confidential Material received by any of the persons in the categories listed above in paragraph 3 shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any other business or personal purpose. Nothing in this Protective Order shall prevent the Parties

from any use of their own Confidential Material. The Confidential Material may not be disclosed to the persons described in categories (D) and (E), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent. The Confidential Material provided to a party shall be securely maintained in the offices of that party's outside counsel. Any recipient of the Confidential Material shall maintain such information in a secure and safe manner, and the recipient shall exercise due and proper care with respect to the storage, custody, access, and use of all such information. In addition, any summary or copy of information contained in the Confidential Material shall be subject to the terms of this Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing confidential information.

5. The Confidential Material may be copied or reproduced only to the extent reasonably necessary for this litigation. All such copies or reproductions shall be subject to the terms of this Protective Order.

6. If the Court orders that access to or dissemination of the Confidential Material shall be made to persons not included in paragraph 3 above, such Confidential Material shall only be accessible to, or disseminated to, such persons after they have executed a confidentiality agreement in conformity with this Protective Order.

## II.    NO WAIVER

The disclosure of the Confidential Material pursuant to discovery or the procedures set forth in this Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

### III. USE IN DEPOSITIONS

The Confidential Material may be used at a deposition involving a party or party's representative, and the terms of this Protective Order shall apply. The Confidential Material may be used at a deposition involving third-party witness referenced in paragraph 3(E) above if: (a) the counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes a confidentiality agreement in conformity with this Protective Order. If the witness declines to execute the confidentiality agreement or otherwise maintain the confidentiality of the material, the party seeking to use such Confidential Material must obtain leave from the Court before disclosing the material to the witness.

### IV. APPLICATION OF THE PROTECTIVE ORDER AND CHALLENGES TO A PARTY'S DESIGNATION OF CONFIDENTIAL MATERIAL

1. This Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain or refer to the Confidential Material.

2. Nothing in this Protective Order shall affect the admissibility into evidence of the Confidential Material, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of the Confidential Material.

3. A party's compliance with this Order shall not constitute an admission that information designated by the other party as Confidential Material is, in fact, confidential information. The Parties may challenge each other's designation of information as Confidential Material by filing a motion requesting further disclosure or declassification of Confidential

Material.  The disputed material shall continue to be treated as confidential until such motion is determined by the Court.  Nothing herein shall affect a party's right to contest any assertion or finding of confidentiality or privilege and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

### V.  CONFIDENTIAL INFORMATION AT TRIAL

The Parties to this Protective Order expressly reserve at this time a determination as to the manner in which the Confidential Material subject to this Protective Order may be used in an evidentiary hearing or at trial.  Special procedures or *in camera* treatment, if any, may be determined in the future.

### VI.  SPECIFIC DISCLOSURE

By joint agreement, the Parties, through their counsel, may agree to any specific disclosure of the subject documents in a particular circumstance without prejudice to the continued application of this Protective Order regarding other uses of that the Confidential Material.

### VII.  MODIFICATION

This Protective Order may be modified only by Order of the Court.

### VIII.  RETURN OR DESTRUCTION OF THE DESIGNATED CONFIDENTIAL DOCUMENTS

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the Parties shall either return or destroy the Confidential Material that are the subject of this Protective Order and provide written confirmation to the other counsel of record that the return or destruction of the Confidential Material has occurred.

IT IS SO ORDERED.

_____
THE HONORABLE KAREN MOLZEN
FEDERAL COURT JUDGE

**Agreed to by:**

*Approved on February 17, 2014*
James A. Ray
Christopher J. Supik
Keller & Keller, LLC
505 Marquette NW, Suite 1300
Albuquerque, NM 87102


*Approved on February 17, 2014*
Mark C. Dow
Brian G. Grayson
Bauman, Dow & Leon, P.C.
PO Box 30684
Albuquerque, NM 87190
*Attorneys for Plaintiffs*


*/s/ Meena H. Allen*
Meena H. Allen
Simone, Roberts & Weiss, P.A.
11200 Lomas Boulevard, NE, Suite 210
Albuquerque, New Mexico 87112
*Counsel for Defendant Colorado Casualty Insurance Company*